

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>JOHN ANDREW CRIDER,<br><br>        Defendant. | Case No.: 21-cr-1364-JAH<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR ACCESS TO JURY AND JUROR RECORDS**<br><br>**Doc. No. 17** |

## INTRODUCTION

Pending before the Court is Defendant John Andrew Crider's ("Defendant" or "Crider") motion for access to jury records. *See* Doc. No. 17. Plaintiff, the United States of America (the "Government"), has filed its response in opposition. *See* Doc. No. 18. A hearing was held on June 15, 2021. Upon review of the pleadings and consideration of the arguments of counsel and the applicable law, Defendant's motion is **GRANTED in part** and **DENIED in part**.

## BACKGROUND

Due to the nationwide COVID-19 pandemic beginning on March 17, 2020, the Chief Judge of this district (Chief Judge) suspended grand jury proceedings at various

times through May 14, 2020, pursuant to the authority provided by the CARES Act.[1] On May 14, 2020, the Chief Judge provided grand jurors a letter with attached COVID-19 precautions. On May 15, 2020, the Chief Judge issued an order that permitted grand jury proceedings to resume beginning on May 20, 2020, stating that the grand jury proceedings "may be conducted subject to limitations imposed by the Court in consultation with the United States Attorney's Office." (OJC #27.)

On December 7, 2020, the Chief Judge renewed the suspension of grand jury proceedings until January 8, 2021. (OCJ #52.) On January 4, 2021, the Chief Judge issued an order extending the suspension of grand jury proceedings until January 22, 2021. (OCJ #52A.) On January 14, 2021, the Chief Judge again issued an order extending the suspension of grand jury proceedings until February 5, 2021. (OCJ #52C.) On February 1, 2021, the Chief Judge issued an order that permitted grand jury proceedings to resume starting on February 8, 2021. (OCJ #58.)

On April 7, 2021, during the COVID-19 pandemic, a grand jury returned an indictment against Crider, charging him with importation of methamphetamine in violation of 21 U.S.C. §§ 952, 960. The grand jury returning the indictment was impaneled on December 3, 2020. On May 26, 2021, Defendant filed a motion seeking 24 categories of documents relying on the Jury Selection and Service Act of 1968 and the Sixth Amendment. ECF. No. 17. As an initial matter, Mr. Crider declares that he intends to use the records produced to "determine whether [there is] a potentially meritorious challenge" under the JSSA. *Id.* at 5. However, the focus of the motion seems to be centered around concerns that the Clerk's Office and the Court's response to the pandemic may have denied Defendant his Sixth Amendment right to a representative

---

[1] On March 17, 2020, due to the COVID-19 pandemic, the Chief Judge issued an order suspending grand jury proceedings until April 16, 2020. (Order of the Chief Judge ("OCJ") #18.) On April 15, 2020, the Chief Judge issued an order extending the suspension of grand jury proceedings until May 16, 2020. (OCJ #24.)

grand and petit jury. *Id.* at 1. He also seeks records that are described as "ministerial" which bear on grand jury procedures under Federal Rule of Criminal Procedure 6. *Id.*

## LEGAL STANDARD

Federal Rule of Criminal Procedure ("Rule") 6(e)(3)(E)(ii) provides that "[t]he court may authorize disclosure – at a time, in a manner, and subject to any other conditions that it directs – of a grand jury…at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before a grand jury [.]" Fed. R. Crim. P. 6(e)(3)(E)(ii).

Disclosure of grand jury proceedings is available only by court order, and a defendant bears the burden of establishing a "particularized need" or "compelling necessity" for disclosure which outweighs the policy of grand jury secrecy. Fed. R. Crim. P. 6(e); *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979). "To make public any part of [the grand jury's] proceedings would inevitably detract from its efficacy." *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959).

"The proceedings before the grand jury are secret, but the ground rules by which the grand jury conducts those proceedings are not" *United States v. Alter*, 482 F.2d 1016, 1029 n.21 (9th Cir. 1973). In the context of "grand jury ministerial records," the Ninth Circuit has recognized a public right "subject to the rule of grand jury secrecy, of access to the ministerial records in the files of the district court having jurisdiction of the grand jury." *In re Special Grand Jury (for Anchorage, Alaska)*, 674 F.2d 778, 780-81 (9th Cir. 1982).

The Jury Selection and Service Act of 1968 (the "JSSA"), 28 U.S.C. §§ 1861-67, implements "the policy of the United States that all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes." *Id.* § 1861. This policy is consistent with the Sixth Amendment guarantee of "a jury drawn from a fair cross section of the community." *United States v. Hernandez-Estrada*, 749 F.3d 1154, 1158-59 (9th Cir. 2014). At the same time, a defendant is not entitled to a jury

of any particular composition. *United States v. Mitchell*, 502 F.3d 931, 951 (9th Cir. 2007) (quoting *Taylor v. Louisiana*, 419 U.S. 522, 238 (1975)).

Under the JSSA, each district must "devise and place into operation a written plan for random selection of grand and petit jurors "that complies with the JSSA's procedural and substantive requirements. 28 U.S.C. § 1863(a). At the time that the indictment was returned in this case, the Southern District of California had implemented its Jury Plan in former Civil Rule 83.10. *See* Civil Rule 83.10 Jury Selection Plan (adopted November 19, 2019). The grand jury that indicted Defendant was impaneled on December 3, 2020 during the pandemic. With respect to the petit jury panel in this case, a jury trial has not been set, however the Jury Plan previously contained in General Orders 147 – 147-J, General Orders 626 – 626-B, and Local Rule 83.10 has been superseded and replaced by the Jury Plan contained in General Orders 147-J – 147-K.

As an enforcement mechanism, the JSSA permits a criminal defendant to "move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of [the JSSA] in selecting the grand or petit jury." 28 U.S.C. § 1867(a). Such a motion may be brought to establish either a violation of the basic fair cross section right, *see United States v. Patel*, 996 F.2d 1229 (9th Cir. 1993), or a "substantial failure to comply" with the specific procedures required by the Act, *see United States v. Erickson*, 75 F.3d 470, 477 (9th Cir. 1996). The JSSA bars access to "[t]he contents of records or papers used by the jury commission or clerk in connection with the jury selection process" while a case is pending, except "as may be necessary in the preparation of a motion" by a party claiming a violation of the JSSA. 28 U.S.C. § 1867(f). The defendant "shall be allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such a motion." *Id.*

The U.S. Supreme Court has observed that, under § 1867(f), "a litigant has essentially an unqualified right" to inspect the jury selection materials described therein. *Test v. United States*, 420 U.S. 28, 30 (1975). As the Supreme Court has explained, "without inspection, a party almost invariably would be unable to determine whether he

has a potentially meritorious jury challenge." *Id.*; *see also United States v. Beaty*, 465 F.2d 1376, 1382 (9th Cir. 1972) (holding that defendant had a right to make the inspection before he made a motion to challenge the jury under § 1867(a)"). Moreover, access to the relevant records may not be conditioned on a defendant first showing a probability of success on the merits of the jury challenge. *Id.* at 1380-81; *see also United States v. Diaz*, 235 F.R.D. 470, 477 (N.D. Cal. 2006). However, the JSSA "is not a license for litigants to rummage at will through all jury-related records maintained by the Clerk of Court." *United States v. Rice*, 489 F.Supp.2d 1312, 1316 (S.D. Ala. 2007).

Defendant seeks the requested documents (detailed below) in order to determine whether to file a motion challenging the selection of the grand jury under 28 U.S.C. § 1867(a). In this regard, he seeks to exercise his unqualified right to records or papers that were used by the Clerk to determine the composition of the grand jury that indicted him. In addition to relying on his unqualified right to records, Defendant also asserts that the COVID-19 pandemic, "specifically the different experiences of and reactions to the pandemic among specific groups, as well as changes in Southern District policy in response to the virus – has raised additional reason for concern."

## DISCUSSION

### A. Request for Records

#### 1. Petit Juror Records

The jury trial date in this case has not been set. As such, the date when petit jurors will be summoned is not currently known. Therefore, Defendant's request for information sought to challenge the selection of the petit jury is **DENIED without prejudice** in that the requests are premature. Consequently, to the extent any of Defendant's requests are granted, they are granted only with respect to the grand jury that returned the indictment in Defendant's case.

#### 2. Grand Juror Records

While the Defendant has an unqualified right to the "records or papers used by the…clerk in connection with the jury selection process," in order to determine whether to

file a motion under § 1867(a), the parties disagree as to what qualifies as a "record" or "paper" under the JSSA. Accordingly, the Court will address each of the requested documents in turn.

> 1) The Juror Selection Plan for the Southern District of California in effect at the time the grand jurors were summoned in this case, or confirmation that the plan utilized to summon the December 3, 2020 grand jury was the plan previously codified in its entirety at (former) Local Civil Rule 83.10.

The Government does not oppose this request but notes that it is moot "because the current and former Jury Selection Plans are available on the Court's public website." The Court agrees with the Government. The request is **DENIED as moot**. All juror plans effective as of December 3, 2020, when the grand jury that indicted Defendant was impaneled, are available on the Court's public website.

> 2) Any temporary Juror Selection Plan or Order utilized to accommodate the ongoing COVID-19 pandemic.

The Court has been informed by the Clerk of Court (the "Clerk") that there have been no temporary Juror Selection Plans or Orders used to accommodate the pandemic. The request is **DENIED as moot**.

> 3) Any Divisional or District AO-12 or JS-12 forms created which relate to the Master Jury Wheel and the Qualified Jury Wheel that were used to summon grand jurors in the case.

The Court is informed that the AO-12 for 2020 has been completed. The request is **GRANTED**. The Clerk shall provide Defendant the 2020 AO-12 form.

> 4) Any other statistical or demographic analyses produced to ensure the quality of the Master Jury Wheel and Qualified Jury Wheel used to summon grand jurors in this case, and to ensure those Wheels complied with applicable law and the Constitution.

The Court has been informed by the Clerk that there are no statistical or demographic analyses produced other than the AO-12 forms. This request is **DENIED**.

5) The date when the Master Jury Wheel that was used to summon grand jurors in this case was refilled.

The Government does not oppose this request, but notes it is moot because the information is contained on the AO-12 forms. This Court agrees. The Defendant will obtain the information sought when the 2020 AO-12 form is produced pursuant to this Court's Order with respect to Request #3. Accordingly, this request is **DENIED as moot**.

6) The "general notice for public review…explaining the process by which names are periodically and randomly drawn," 28 U.S.C. § 1864(a), or confirmation that (former) Local Civil Rule 83.10 fulfills that obligation in its entirety.

The Court has been informed by the Clerk that the general notice is posted on the court website and the bulletin board located outside of the Clerk's office, in compliance with Local Civil Rule 83.10. The request is **DENIED as moot**.

7) The date when grand jurors were summoned and/or impaneled in this case.

The Government does not oppose this request. However, the Court is informed by the Clerk that the same information is contained in the AO-12 forms. Thus, the Defendant will obtain the information when the 2020 AO-12 form is produced pursuant to this Court's Order. Accordingly, this request is **DENIED as moot**.

8) The number of persons summoned from the Qualified Jury Wheel to be considered as grand jurors in this case.

The Government does not oppose this request. The request is **GRANTED**. The Clerk of Court shall provide this information relating to the Grand Jury to the extent it is retained.

9) The calculations of proportionality as described in (former) Local Civil Rule 83.10(d)(3).

The Government opposes this request as not necessary for the preparation for a motion under § 1867(a), but also argues that such calculation is a "non-juror selection record." However, former Local Civil Rule 83.10(d)(3) provided that "random selections of names from the master jury wheel, including source lists by data computer personnel,

must ensure that each county within the district is substantially proportionately represented in the master wheel in accordance with 28 U.S.C. § 1863(b)(3)." Civ. L.R. 83.10(d)(3) (former). The Court therefore finds that any calculation of proportionality in the master jury wheel "used by the Clerk in connection with the jury selection process shall be provided by the Clerk." *See United States v. Ramirez-Ortiz*, 20-CR-2667-GPC, ECF. No. 39 at 10 (S.D. Cal. April 2021) (quoting 28 U.S.C. § 1867(f)). The calculation may support a grand jury challenge under the JSSA based on a substantial deviation from the court's Jury Selection Plan or a fair cross-section claim. *Id.* (citations omitted).

The request is **GRANTED** to the extent the Clerk's Office retains this information with respect to the master jury wheel from which Defendant's grand jury was drawn. However, the Clerk shall not be required to undertake any new calculations. *See Id.*; *United States v. Corbett*, No. 20-CR-213(KAM), 2020 WL 5803243, at *9 (E.D.N.Y. Aug. 21, 2020), *reconsideration denied*, No. 20-CR-213(KAM), 2020 WL 5802315 (E.D.N.Y. Sept. 29, 2020); *United States v. Fitzgerald*, No. 1:17-CV-00506, 2021 WL 1206556, at *3 (D. Md. Mar. 31, 2021).

10) The calculations of proportionality as described in (former) Local Civil rule 83.10(e)(7)(A).

This request is **GRANTED** with respect to the qualified jury wheel from which Defendant's grand jury was drawn, for the same reasons and to the same extent as ordered in Request #9.

11) The Master Wheel as described in (former) Local Civil Rule 83.10(d), in electronic and accessible form.

This request seeks personal identifying information of the jurors pursuant to a protective order. While Defendant argues that the information is necessary for his expert to track jurors though different datasets, other courts considering the request have refused such disclosure of personally identifying information. *See e.g., United States v. Ramirez-Ortiz*; *United States v. Todd*, No. 20-CR-256 (KAM), 2020 WL 5981673, at *3 (E.D.N.Y. Oct. 8, 2020); *Fitzgerald*, 2021 WL 1206556, at *3; *Cloud*, 2020 WL 4381608, at *5–6;

*United States v. Shader*, 472 F. Supp. 3d 1, 4 (E.D.N.Y. 2020). The Court agrees with the rationale in the above cited cases and finds that personal identifying information such as the juror's name, address, and exact date of birth is unnecessary for the preparation of Defendant's motion. *Ramirez-Ortiz* at 11.

Additionally, the Court specifically agrees with the rationale supporting a finding that such information, when redacted, may be useful in the preparation of a motion that challenges the procedures under the JSSA or that presents a fair cross-section of the community claim, and that Defendant need not present an articulable claim before gaining access to the materials. *See id.* at 11-12; *see also, Beaty*, 465 F.2d at 1382. Accordingly, this request is **GRANTED in part** and **DENIED in part**. The Clerk is directed to produce to the Defendant the following information contained on the master jury wheel from which the grand jury that returned the indictment in Defendant's case originated: juror number, race, gender, Hispanic or other ethnicity, year of birth, county, and zip code in which the juror resides. The Clerk shall redact and not provide or disclose the jurors' names, addresses, dates of birth (other than year), and any other personal identifying information.

12) The Qualified Jury Wheel as described in (former) Local Civil Rule 83.10(e), in electronic and accessible form.

The request is **GRANTED in part** and **DENIED in part** for the same reasons contained in the Court's consideration of Request #11. The Clerk is directed to produce to the Defendant the following information contained on the qualified jury wheel from which the grand jury that returned the indictment in Defendant's case originated: juror number, race, gender, Hispanic or other ethnicity, year of birth, county, and zip code in which the juror resides. The Clerk shall redact and not provide or disclose the jurors' names, addresses, dates of birth (other than year), and any other personal identifying information.

13) Any new Master Wheel and Qualified Wheel, if different wheels were used to select the petit jury as compared to the December 3, 2020 grand jury.

For the reasons stated in section A.1. above, this request is **DENIED as premature**.

    14) Status Codes for potential jurors who were selected from the Master Jury Wheel for qualification but either had their qualification form returned by the postal service, did not respond, or were disqualified or exempted from jury service.

The Government opposes this request, arguing that this information would not be relevant to a motion under § 1867. While the Government may be correct that disclosure of such records is not permitted for minor violations of the JSSA, *Diaz*, 236 F.R.D. at 483, Defendant cannot determine whether any violation is substantial or minor without access to the underlying information. The Court finds that the information may demonstrate whether the district's juror selection process causes jurors from particular groups to be disproportionately disqualified or excused from jury service, or whether any differences are due to response rates. *Ramirez-Ortiz* at 13 (citing *Todd*, 2020 WL 5981673, at *5; *Fitzgerald*, 2021 WL 1206556, at *6). Additionally, the information would be relevant to a claim that the jury selection process substantially fails to comply with the JSSA. *Id.* (citing *United States v. Holmes*, 18-CR-00258-EJD-1, 2020 WL 5408163, at *5; *cf. United States v. Erickson*, 75 F.3d 470, 477 (9th Cir. 1996)).

Accordingly, the request is **GRANTED in part** and **DENIED in part**, and the Clerk is directed to produce to the defendant the following Status Code information contained on the master jury wheel from which the grand jury that returned the indictment in Defendant's case originated: juror number, race, gender, Hispanic or other ethnicity, year of birth, county, and zip code in which the juror resides. The Clerk shall redact and not provide or disclose the jurors' names, addresses, dates of birth (other than year), and any other personal identifying information.

    15) All persons and their juror status for persons whose juror summons and qualification form were not returned or returned as undeliverable.

This request is **GRANTED in part** and **DENIED in part**, for the reasons outlined contained in the Court's consideration of Requests #11 and #14, and the Clerk is directed to produce to the Defendant the following information relating to the grand jury that returned the indictment in Defendant's case: juror number, race, gender, Hispanic or other

ethnicity, year of birth, county, and zip code in which the juror resides. The Clerk shall redact and not provide or disclose the jurors' names, addresses, dates of birth (other than year), and any other personal identifying information.

    16) All persons summoned to appear in the Clerk's Office to complete a personal interview with the Clerk as described in (former) Local Civil Rule 83.10(d)(7)(C).

The Court is informed by the Clerk that the court does not summon individuals to appear for personal interviews. The request is **DENIED**.

    17) All persons selected as potential grand jurors in this case.

The Government opposes this request insofar as Defendant seeks information of persons actually selected as grand jurors in this case, and further argues that it is otherwise duplicative of Request #12. The Court finds the information requested qualifies as a record used by the Clerk in connection with the jury selection process under § 1867(f). Furthermore, such information may assist Defendant in preparation of a challenge under the JSSA. Accordingly, the request is **GRANTED**, and the Clerk is directed to produce to the Defendant the following information as to all persons selected as potential grand jurors for the grand jury that returned the indictment in Defendant's case: juror number, race, gender, Hispanic or other ethnicity, year of birth, county, and zip code in which the juror resides. The Clerk shall redact and not provide or disclose the jurors' names, addresses, dates of birth (other than year), and any other personal identifying information of all persons so selected.

    18) The sources of data in electronic form for the Master Jury Wheel used to summon grand jurors in this case as described in (former) Local Civil Rule 83.10(d)(1)-(2).

The Court finds this information qualifies as a record used by the Clerk in connection with the jury selection process that may be necessary for the preparation of a motion challenging the creation of the master wheel. 18 U.S.C. § 1867(f); *cf. Ramirez-Ortiz* at 15; *United States v. Eldarir*, No. 20-CR-243 (LDH), 2020 WL 6545894, at *5 (E.D.N.Y. Nov.

6, 2020); *Shader*, 472 F. Supp. 3d at 6; *Cloud*, 2020 WL 4381608, at *5. Accordingly, the request is **GRANTED**.

19) The juror qualification and/or summons forms for persons summoned to potentially become grand or petit jurors in this case.

For reasons previously stated, this request is **DENIED** as to persons summoned to potentially become petit jurors.

As to the grand jury that returned the indictment in this case, the Court finds that this information is not protected from disclosure under Federal Rule of Criminal Procedure 6(e), because juror qualification forms are used to determine whether an individual will be qualified to serve on a grand jury prior to any grand jury being impaneled. *Ramirez-Ortiz* at 16. Accordingly, the Court finds that portions of this request should be disclosed. The request is **GRANTED**, and the Clerk is directed to produce to the Defendant the following information relating to the forms for persons summoned to potentially become grand jurors in Defendant's case: juror number, race, gender, Hispanic or other ethnicity, year of birth, county, and zip code in which the juror resides. The Clerk shall redact and not provide or disclose the jurors' names, addresses, dates of birth (other than year), and any other personal identifying information of all persons so selected. In addition, due to privacy concerns surrounding the distribution and production of this information outside of the Clerk's Office, the Clerk is directed to permit inspection of these forms/information in the Clerk's Office by defense counsel, subject to the terms of the Protective Order in this case (filed separately).

20) Any temporary or alternative juror qualification and/or summons forms utilized to accommodate the ongoing COVID-19 pandemic.

The Court is informed by the Clerk that no temporary or alternative juror qualification forms were used during the pandemic. Accordingly, the request is **DENIED**.

21) The disposition of each summoned grand juror in this case as to excusal, deferment, disqualification, or selection.

The request is **GRANTED in part** and **DENIED in part**, for the same reasons referenced herein, and the Clerk is directed to produce to the Defendant the information relating to the grand jury that returned the indictment in Defendant's case, to the extent it is retained: juror number, race, gender, Hispanic or other ethnicity, year of birth, county, and zip code in which the juror resides. The Clerk shall redact and not provide or disclose the jurors' names, addresses, dates of birth (other than year), and any other personal identifying information of all persons.

22) The attendance record and reason for absence by date for each grand juror.

The Court finds that a balance must be struck between adhering to the juror secrecy doctrine and protecting future grand jurors' ability to freely deliberate on the one hand and permitting Defendant to examine the composition of the grand jury and reasons for absences to determine whether COVID-19 caused the district to deviate from its jury selection plan on the other. *See Ramirez-Ortiz* at 19. The Court further finds that such a balance is met when personal identifying information is redacted from such attendance records. *Id.* (citing *United States v. Morrell-Corrada*, Cr. No. 04-160 (PG), 2004 WL 7336971, at *3 (D.P.R. Nov. 9, 2004)). The request is **GRANTED in part** and **DENIED in part**. The Clerk is directed to produce to the Defendant the following information contained in the attendance records for December 3, 2020 through April 7, 2021 relating to the grand jury that returned the indictment in Defendant's case, to the extent it is retained: juror number, race, gender, Hispanic or other ethnicity, year of birth, county, and zip code in which the juror resides. The Clerk shall redact and not provide or disclose the jurors' names, addresses, dates of birth (other than year), and any other personal identifying information of all persons.

23) All persons who were selected to sit on the grand jury but were subsequently replaced, and all persons selected to replace them. The data should include who replaced whom, and whether the replacement juror was selected as an alternate under (former) Local Civil Rule 83.10(e)(7)(A) and/or Federal Rule of Criminal Procedure 6(a)(2).

The request is **GRANTED in part** and **DENIED in part**, for the same reasons stated in Request #22. The Clerk is directed to produce to the Defendant the following information, to the extent it is available, relating to the grand jury that returned the indictment in Defendant's case: juror number, race, gender, Hispanic or other ethnicity, year of birth, county, and zip code in which the juror resides. The Clerk shall redact and not provide or disclose the jurors' names, addresses, dates of birth (other than year), and any other personal identifying information of all persons.

24) Any communications with potential grand jurors related to the COVID-19 pandemic that were not delivered "before the grand jury" in the meaning of Rule 6(e). This includes any written communications from the Court or the U.S. Attorney's Office.

The Court finds that this request is relevant to Defendant's theory that COVID-19 may have impacted the district's procedures such that jurors were disparately impacted or may have otherwise resulted in deviations from the jury selection plan. *Ramirez-Ortiz* at 20. Accordingly, the request falls under 18 U.S.C. § 1867(f) and is **GRANTED**. The Clerk and the U.S. Attorney's Office shall produce any communications to grand jurors or potential grand jurors considered or selected to sit on the grand jury that returned the indictment in Defendant's case. The Clerk shall redact and not provide or otherwise disclose the jurors' names, addresses, dates of birth (other than year), and any other personal identifying information of all persons.

**B. Requests for Grand Jury Materials**

Defendant has requested access to "any and all information concerning any procedural changes to the grand jury as a result of the COVID-19 pandemic, between March 2020 and the present, that applied to the December 2020 grand jury" including but not limited to:

(a) "the charges, instructions, and directions grand jurors have received regarding their ability to request witnesses or evidence,"

(b) "the charges, instructions, and directions grand jurors have received regarding whether there are any limitations on which witnesses or evidence the grand jury may request, e.g., whether they are permitted to call non-government witnesses,"

(c) "the charges, instructions, or directions grand jurors received for the process by which they may call non-government witnesses during the pandemic,"

(d) "a transcript of the instructions given in his case,"

(e) "whether witnesses testify in person, over video or teleconference, or both,"

(f) "whether video teleconferencing or teleconferencing is utilized in any other way for grand jury proceedings," and

(g) "what precautions are taken to protect live witnesses before the grand jury from spreading or contracting the virus."

With respect to Defendant's requests (a-g), the Court has considered the rationale in Judge Moskowitz's decision in *United States v. Gibbs*, 20-cr-2237, ECF. No. 34 at 4-10 (S.D. Cal. Jan 25, 2021), and finds it persuasive. Therefore, the Court adopts that rationale in the instant case. Specifically, the Court finds that since Defendant is entitled to the impaneling instructions given to the grand jury by the Court on December 3, 2020, *see Alter*, 482 F.2d at 1029 n.21, he is also entitled to any supplemental or modifying instructions by extension. *Gibbs* at 4. However, without first establishing a non-speculative particularized need, Defendant is not entitled to any case-specific instructions by any Assistant United States Attorney ("AUSA") appearing before the grand jury, because such instructions may potentially reveal the substance of the grand jury proceedings or would place an undue burden on the Government to practically extricate them from the substance of such proceedings. *Id.* (citing *United States v. Stepanyan*, 2016 WL 4398281, at *2 (N.D. Cal. Aug. 18, 2016).

Accordingly, with respect to Request (a), the Court finds that Defendant is entitled to any and all information concerning any procedural changes provided to the December 3, 2020 Grand Jury as a result of the pandemic including: (i) any letters or other communication from the Chief Judge to the grand jury and any attachments, (ii) any written

and/or oral supplements thereto, and (iii) any general non-case specific instructions provided by an AUSA as to the procedures of the December 3, 2020 grand jury proceedings during the COVID-19 pandemic—including any general instructions relating to the grand jury's ability to call witnesses and request evidence—from December 3, 2020 to April 7, 2021.[2]

With respect to requests (b-c), the Court finds again that Defendant is entitled to any General Instructions—including any general instructions relating to any limitations on the grand jury's ability to call witnesses and request evidence and the process of calling non-government specific witnesses—made to this specific impaneled grand jury from December 3, 2020 to April 7, 2021.

With respect to Request (d), the Court recognizes that while the Ninth Circuit has not decided whether legal instructions to a grand jury are presumed secret as a matter of law, the district courts are split on the issue. *See United States v. Pac. Gas & Elec. Co.*, 2015 WL 3958111, at *12 (N.D. Cal. June 29, 2015) ("A split of authority has developed regarding whether the legal instructions provided by the prosecutor to the grand jury are the kind of 'ground rules' subject to disclosure, or rather whether they go to the substance of the grand jury's deliberation and are therefore afforded a presumption of secrecy. The Ninth Circuit has not yet addressed this precise question."). *Compare United States v. Morales*, 2007 WL 628678, at *4 (E.D. Cal. Feb. 28, 2007) (declining to extend *Alter*'s "ground rules" exception to grand jury secrecy to a prosecutor's legal instructions) *with United States v. Belton*, 2015 WL 1815273, at *3 (N.D. Cal. Apr. 21, 2015) ("The legal instructions given to the grand jury regarding the charges on which they are deliberating are a part of the 'ground rules' by which the grand jury conducts its proceedings. The instructions do not reveal the substance of the grand jury's deliberative process or other information that would compromise the secrecy that Rule 6 seeks to protect. Therefore,

---

[2] The Court will refer to these documents, cumulatively with the original impaneling instructions, as the "General Instructions.

Defendant is entitled to disclosure of these instructions even without a showing of particularized need.").

Whether the legal instructions provided by the prosecutor are the kind of ground rules subject to disclosure, or whether they go to the substance of the grand jury's deliberation on a particular case, and are therefore presumed secret, depends on the content of the instructions themselves. *Ramirez-Ortiz* at 25. Here, the Court finds Judge Moskowitz's rationale in *Gibbs* persuasive and again adopts that rationale in the instant case. *Gibbs* at 8. Specifically, the Court finds "instructions by an Assistant U.S. Attorney in this case may have been discrete and easily severable from the substance of the proceedings or may have been inextricably embedded in or dispersed throughout an Assistant U.S. Attorney's substantive presentation." *Id.* Accordingly, the Court holds that an *in-camera* review of the transcript of the entire proceedings before the grand jury in only this case is warranted. *Id.* After conducting its *in-camera* review, the Court will determine whether disclosure of the transcript of the instructions in this case is appropriate.

With respect to Requests (e-g), the Court finds that Defendant has failed to establish a non-speculative particularized need entitling him to such information. Furthermore, the Court finds that neither 1) the manner in which witnesses could testify, 2) whether teleconferencing or video teleconferencing was utilized during grand jury proceedings, nor 3) the precautions taken to protect live witnesses before the grand jury, are relevant to a motion to dismiss the indictment. Considering the breadth of grounds by which a grand jury may indict, none of the requested information could meaningfully be the basis for a motion to dismiss the indictment. *Gibbs* at 9 (citing *United States v. Al Mudarris*, 695 F.2d 1182, 1185 (9th Cir. 1983) ("[i]t is well settled that an indictment may be based solely on hearsay," and "[t]he prosecutor has no duty to present to the grand jury all matters bearing on the credibility of witnesses or any exculpatory evidence")).

Accordingly, Requests (a-c) are **GRANTED in part**, subject to the exclusion of case-specific instructions as detailed above. Requests (e-g) are **DENIED as moot or irrelevant** due to Defendant's failure to establish a non-speculative, particularized need

entitling him to such information. Additionally, the information requested is not relevant for an inspection to determine whether Defendant potentially has a meritorious grand jury challenge.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. As to Defendant's requests for records relating to the Petit Jury, specifically including a portion of Request #19, the Requests are **DENIED as premature**;
2. As to Defendant's Requests for Grand Jury Records found in Requests #1-2 and 5-7, the Requests are **DENIED as moot**;
3. As to Defendant's Request for Grand Jury Records found in Requests #4, 16, and 20, the Requests are **DENIED**;
4. As to Defendant's Requests for Grand Jury Records found in Requests #3, 8-10, 17-19, and 24, the Requests are **GRANTED**;
5. As to Defendant's Requests for Grand Jury Records found in Requests #11-12, 14-15, and 21-23 the Requests are **GRANTED in part** and **DENIED in part**.

For the foregoing reasons, **IT IS FURTHER ORDERED** that the Government shall produce to Defendant any and all information concerning any procedural changes provided to the December 3, 2020 Grand Jury as a result of the pandemic including:

1. The impaneling instructions given to the grand jury in this case at the time it was impaneled on December 3, 2020;
2. Any letters given to the grand jurors by the Chief Judge or the U.S. Attorney's Office with any attached COVID-19 precautions, and any written or oral supplement thereto; and
3. Any general instructions by an AUSA to the impaneled grand jury hearing this case, from the time it was impaneled on December 3, 2020 to the date of the indictment, on April 7, 2021, as to procedures before the grand jury in response to the COVID-19 pandemic—including any and all general non-case-specific instructions relating

to the grand jury's ability to call witnesses and non-government witnesses and request evidence.

**IT IS FURTHER ORDERED** that the prosecutor assigned to this case shall communicate, by email or other U.S. Attorney's Office Criminal Division communication network with any and all AUSAs who presented cases before this grand jury from December 3, 2020 to April 7, 2021 to determine whether any AUSA provided the subject grand jury with any general instructions on how the grand jury would proceed in light of the COVID-19 pandemic, including instructions on jurors' ability to call witnesses and request evidence. In the event any AUSA replies in the affirmative, the transcript of those instructions must be obtained and be provided to the defense counsel. To the extent the Government believes any such instructions are case-specific as opposed to general instructions, the Government may submit the transcripts to the Court for *in camera* review.

**IT IS FURTHER ORDERED** that the Clerk shall produce the information and materials ordered to be disclosed, under the terms and conditions provided herein, within five (5) weeks of the date of this Order. Defense counsel shall confer with the Clerk to plan for the inspection or review of the materials requested and ordered to be inspected in Request #19.

**IT IS FURTHER ORDERED** that all materials to be disclosed pursuant to this Order shall be subject to the terms of the Protective Order (filed separately) in this case.

**IT IS SO ORDERED.**

DATED: 9-13-2021

JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE