UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                  Plaintiff,<br><br>v.<br><br>JOHN ANDREW CRIDER,<br><br>                                  Defendant. | Case No.: 3:21-cr-01364-JAH-1<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STRIKE DECLARATION OF BERNARD SISKIN (ECF NO. 56)** |

### I.   INTRODUCTION

Pending before the Court is Defendant John Andrew Crider's ("Defendant") motion to strike the Declaration of Bernard Siskin (the "Declaration"), submitted as an attachment to Plaintiff United States of America's (the "Government") opposition to Defendant's supplemental memorandum in support of their motion to dismiss.  (ECF No. 54-1; 56). The Government has filed a response in opposition to the motion to strike.  (ECF No. 57). For the reasons discussed below, the Court **DENIES** Defendant's motion to strike.

### II.   PROCEDURAL HISTORY

Defendant was arrested on April 7, 2021 and charged with the importation of methamphetamine.  (ECF No. 1).  On May 5, 2021, a Grand Jury returned an indictment charging Defendant with the same conduct.  (ECF No. 13).  Later that month, Defendant requested access to grand jury materials, which the Court granted in part and denied in part.

(ECF No. 17; 42). Defendant then moved to dismiss the indictment based on the Sixth Amendment and the Jury Selection and Service Act. (ECF No. 47). The Government responded in opposition to the motion, (ECF No. 48), to which Defendant replied. (ECF No. 49). On March 23, 2022, the Court held a hearing on Defendant's motion to dismiss, and later that same day, at the Court's instruction, Defendant filed a supplemental memorandum in support of their motion to dismiss. (ECF No. 53). The Government then filed a response to Defendant's supplemental memorandum, and attached as an exhibit a forty-six page Declaration. (ECF No. 54, 54-1). Shortly thereafter, Defendant moved to strike the Declaration, (ECF No. 56), and the Government responded. (ECF No. 57).

### III.   DISCUSSION

Defendant argues that the Declaration should be stricken because it is untimely, and inconsistent with the Government's prior representations both in its briefing and during oral argument. (ECF No. 56). The Government argues that the Declaration should not be stricken because the Ninth Circuit tasked district courts with employing the most appropriate method or methods for assessing *Duren* claims and developing the record, both of which the Government contends supports consideration of the Declaration.

A district court "has discretion and the inherent power to strike a filing[.]" *United States v. Alvarez*, 2021 WL 2290787, at *1, n.1 (S.D. Cal. June 4, 2021) (citing *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010)). The Court also has the authority to enforce applicable motion deadlines. *United States v. Matta-Ballesteros*, 71 F.3d 754, 766 (9th Cir. 1995).

Defendant's frustration with the untimely declaration is understandable. Defendant filed his motion to dismiss, accompanied by his expert's report, on December 21, 2021. (ECF No. 47). The Government filed its opposition on January 18, 2022 and not only failed to submit an opposing expert report, but declined to substantially oppose Defendant's expert's findings. (ECF No. 48). Indeed, in its briefing, the Government principally argued that "even accepting the accuracy of [Defendant's] declaration", Defendant is not entitled to the requested relief. (ECF No. 48). And again during oral argument, though the

Government qualified its acceptance of Defendant's expert report, it ultimately "rolled with [Defendant's expert's] numbers for purposes of the legal issues presented." (ECF No. 55 at 37). The Government's delayed Declaration opposing Defendant's expert report is arguably inconsistent with its prior positions, and comes after both parties have submitted their primary briefs and after the close of oral argument.

Moreover, Mr. Siskin's Declaration was first submitted in preparation for an evidentiary hearing in a different case on February 25, 2022. (ECF No. 56 at 3). The Government did not then seek to submit the Declaration in the instant case, and instead included it as an attachment to an opposition to Defendant's supplemental memorandum addressing the narrow question of the applicability of a specific case to the instant matter. (ECF No. 54-1).

Having said that, ultimately, in order to fully develop the record, the Court permits the Government's submission and **DENIES** Defendant's motion to strike. In order to address any potential prejudice, Defendant is given two weeks from the date of the filing of this order to submit a reply to the Government's expert report.

### IV. CONCLUSION

Accordingly, IT IS ORDERED that:

1. Defendant's motion to strike the Government's expert report is **DENIED;** and
2. Defendant shall file a reply to the Government's report by November 4, 2022.

**IT IS SO ORDERED.**

DATED:   October 21, 2022

_____
HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE